# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE Pennsylvania - Eastern - Philadelphia

| | |
|---|---|
| In re:<br><br>Meredith Lee Wilkins, Jr.,<br><br>    Plaintiff(s).<br><br>Meredith Lee Wilkins, Jr,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION, [et al.],<br><br>    Defendant(s). | Case No. 24-10767-MDC<br>Chapter 7<br><br><br><br><br><br>Adv. Pro. No. |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Plaintiff, Meredith Lee Wilkins, Jr., by and through his attorney, Mark M. Medvesky, brings the following complaint and alleges as follows:

### I. NATURE OF CASE

1. This is an action to declare the Plaintiff's student loan debt to Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

### II. JURISDICTION AND VENUE

2. On 03/06/2024, Plaintiff filed a voluntary 7 bankruptcy proceeding, Case Number 24-10767-MDC.

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

### III. PARTIES

6. Plaintiff is a resident at 324 Christopher Ct, Lansdale, Pennsylvania.

7. Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

### IV. STATEMENT OF FACTS

8. Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $127,282.00 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $140,750.00. A list of the loans with current balances is attached as Exhibit #1.

9. Plaintiff incurred the student loan(s) while attending Vincennes University; Maryland Global Campus formerly University of Maryland (Okinawa); Frederick Community College; Clayton State University; Montgomery County Community College; Middle Georgia State University; and Kennesaw State University where Plaintiff was pursuing a Master's degree. No payments were due on these loans while Plaintiff was a full-time student.

10. Plaintiff completed his course of study and received a degree in 12/2018.

11. Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

12. Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $1,536.04 for ten years in order to pay off the balance of the student loans.

13. Since repayment on the student loans began, the debtor has:
    a. Made approximately 1 payment on the loans, totaling approximately $305.00
    b. Received 121 cumulative forbearances & deferments totaling 1124.0 months
    c. Applied for Income-Driven Repayment Plan (SAVE Plan)
    d. Applied for a federal consolidation loan

14. Plaintiff is currently employed as a Network Operations Controller/Computer Operator with SSC Space - US. Plaintiff gross monthly income from employment is $7,012.90. Plaintiff has other monthly income totaling $0.00.

15. Plaintiff's current monthly household income is $8,362.70. Plaintiff's current monthly household expenses, including payroll deductions, are $8,870.74.

### V. DETERMINATION OF DISCHARGEABILITY

16. Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

17. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

18. Plaintiff is unable to make payments on his student loans. After deducting Plaintiff's reasonable and necessary expenses from his income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

19. Plaintiff's current state of affairs is likely to persist, and his financial circumstances are unlikely to materially improve, for a significant portion of the debt repayment period.

20. Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

21. Plaintiff has been unable to secure employment in his area of study.

   a. From the time Plaintiff graduated with a Bachelor's degree, numerous resumes and cover letters were sent to companies across the nation and has been unable secure a position within area of study.
   b. Plaintiff networked and with relatives and friends in positions of authority at various companies in an effort that they might know of open positions in his field and has been unable secure a position within area of study.
   c. Other Professional recommend Plaintiff seek his Master's degree in an effort to secure a position in his area of study, so he did. Since earning his Master's degree the most common response that he received is that he is too highly educated but too inexperienced in the his field. Due to his need to support his family, Plaintiff was unable to accept any unpaid internships to gain practical experience during the time he was attending school.
   d. Even the company where Plaintiff has worked for 17 years will not transfer him to a department relevant to his degree or provide opportunities for upward mobility in the group despite earning his degrees.

22. Plaintiff suffered a heart attack in 2016 and since then his current employer has been hesitant to advance Plaintiff in his positions in the company in any way. His only pay increases have been minimal at 1% – 3% for cost of living. Plaintiff's work schedule has been altered to reduce overtime work that the Plaintiff grew accustomed to over the course of his current employment.

23. Plaintiff's wife and co-debtor in his bankruptcy case is disabled and unable to significantly contribute to the household income.

24. Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order finding that excepting his student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper.

Respectfully Submitted,

By: */s/Mark M. Medvesky*
Mark M. Medvesky
Medvesky Law Office, LLC
601 E. Broad Street, Suite 110
(215) 660-3170
mark@medveskylaw.com

**Exhibit #1**

**List of loans with current balances**

| Loan Type (Loan Holder/Servicer) | Principal Balance | Accrued Interest | Status |
|---|---|---|---|
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 10,795.00 | $ 890.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 22,460.00 | $ 1,692.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 11,332.00 | $ 761.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 11,549.00 | $ 776.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 549.00 | $ 99.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED/NELNET) | $ 3,265.00 | $ 163.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 10,117.00 | $ 1,522.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED/NELNET) | $ 5,595.00 | $ 380.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 8,867.00 | $ 2,320.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD SUBSIDIZED (DEPT OF ED/NELNET) | $ 5,595.00 | $ 380.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT STAFFORD UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 7,628.00 | $ 1,996.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT CONSOLIDATED UNSUBSIDIZED (DEPT OF ED/NELNET) | $ 20,196.00 | $ 1,703.00 | BANKRUPTCY CLAIM, ACTIVE |
| DIRECT CONSOLIDATED SUBSIDIZED (DEPT OF ED/NELNET) | $ 9,333.00 | $ 787.00 | BANKRUPTCY CLAIM, ACTIVE |